UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON PRESTON, *et al.*, | ) |
| | ) No. 20 CV 4272 |
| Plaintiffs, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| DAVID WIEGAND, *et al.*, | ) |
| | ) June 7, 2023 |
| Defendants. | ) |

**MEMORANDUN OPINION and ORDER**

Before the court is Plaintiffs' motion for reconsideration of part of the court's March 21, 2023 order denying their motion for leave to serve subpoenas on Defendants' current and former employers for various records covering many years. For the following reasons, the motion is denied:

**Background**

In the underlying motion for leave to serve subpoenas—filed on February 22, 2023—Plaintiffs sought, among other things, discovery related to Defendant Chris Spencer's employment with the Village of Manhattan ("Manhattan"). (R. 141, Pls.' Mem.) Spencer was employed concurrently by Manhattan and the Village of Crestwood ("Crestwood")—the latter as a part-time employee—during the period relevant to this case. (Id. at 9.) Plaintiffs sought leave to subpoena Spencer's employment records from Manhattan based on his deposition testimony that while employed there as a full-time officer, a female employee filed a complaint against him and he was accused of theft while on duty. (Id.) At the same time, Defendant

David Weigand (Crestwood Police Chief) executed an "indemnity agreement" with Manhattan relating to Spencer's "secondary employment." (Id.) The court denied Plaintiffs' request for leave to serve this subpoena. (R. 151.) In so ruling, the court found that Plaintiffs failed to explain the relevance of these records to the claims or defenses in this case. (Id.)

## Analysis

Plaintiffs ask the court to reconsider part of its March 21, 2023 order, arguing that 10 days after this ruling they deposed Robert Sauser—former Chairman of Crestwood's Board of Fire and Police Commissioners ("BOFPC")—who disclosed new information relating to Spencer's employment with Manhattan. (R. 152, Pls.' Mot. to Reconsider at 1, 3-4 & n.1.) The Seventh Circuit has cautioned that motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985) (citations omitted).

Here, Plaintiffs submit what they allege is newly discovered evidence. Plaintiffs first point to Sauser's October 22, 2019 resignation letter, which they allege was submitted "in the midst of the adverse employment actions taken against Plaintiffs for their support of, and activities related to, unionization." (R. 152, Pls.' Mot. to Reconsider at 3.) Sauser expressed concerns in his resignation letter that "one of the candidates [under Crestwood's consideration for full-time employment] has been or is currently under investigation from the state and was forced to resign his full time position." (Id. Ex. B at 1.) Before Sauser's March 31, 2023 deposition,

2

Plaintiffs assert that the "candidate" referenced in this resignation letter had not been identified. (R. 169, Pls.' Reply at 1-2.) At his deposition, Sauser testified that he was referring to Spencer. (Id. at 2.) Defendants dispute whether this evidence qualifies as "newly discovered" because other testimony and evidence suggested Spencer was the "candidate" referenced in the letter. (Compare R. 162, Defs.' Resp. at 3-4 with R. 169, Pls.' Reply at 1-2.) Regardless, Plaintiffs fail to persuade the court that a sufficient nexus exists between the employment records they seek and the alleged pretextual reasons for Plaintiffs' alleged termination from Crestwood. (See R. 151.)

In the current motion, Plaintiffs limit their request to documents related to Spencer's prior employment with Manhattan from June 2007 to September 2019. (Id. at 3 n.3.) Plaintiffs argue that the employment records are relevant to their claims that: (1) Crestwood "deliberately turned a blind eye" to poor hiring practices insofar as background investigations were not being conducted for full-time candidates such as Spencer; and (2) "disciplinary charges against Plaintiff [Robert] Hoselton . . . were pretextual" because his alleged misconduct "pales in comparison" to Spencer's alleged misconduct while employed at Manhattan. (Id. at 5-6 (citing R. 43, Amend. Compl. ¶¶ 32 (alleging that after receipt of union petition, Spencer "engaged in a campaign of intimidation, threats and coercion upon Plaintiffs and other Village police officers in an effort to 'bust' the union and intimidate officers who supported the union"), 34 (same), 42-43 (alleging Spencer attended "anti-union" meeting on September 21, 2019), 44 (alleging Spencer pressured officers to sign

3

anti-union petition), 48 (alleging officers experienced duress and feared retaliation)).)

Although Plaintiffs now explain which claims they believe are relevant to the motion, (see id.; R. 169, Pls.' Reply at 2-3), they still fail to show a sufficient connection between Spencer's prior employment records from Manhattan and the alleged breakdown in hiring practices at Crestwood or pretextual reasons for Plaintiffs' alleged termination. To be relevant to this case, Defendants must have had knowledge or possession of the information Plaintiffs seek. Also, as Defendants flag, Sauser lacked personal knowledge of the facts on which Plaintiffs rely to suggest Spencer "was not suitable to be hired" by Crestwood. (See R. 162, Defs.' Resp. at 2-3, Exs. A-C.) And the court has ruled that the BOFPC's "findings of fact supported its conclusion that cause for [Hoselton's] discharge existed." (R. 157, Mem. Opinion and Ord. at 13.)

## Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**